IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CHRISTOPHER PATRICK BOYD | CASE:  22-12455TBM |
| DEBTOR | |

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of the proposed Chapter 13 Plan and states:

1. As Debtor and his spouse are both self-employed and/or operate a business or businesses and the primary source of income to be used to fund the instant case is the non-filing spouse's self-employment income, the Trustee requests that the Debtor provide documentation to support the net income on Schedule I and the gross income on Amended Form 122C-1 for himself and his non-filing spouse.  This information can include but is not limited to: monthly cash flows reports, profit and loss statements, accounting ledgers, business tax returns for the last three years.  The Trustee requests all business and personal bank statements for the six months prior to filing the petition to present.  The Trustee requests that the Debtor and his non-filing spouse complete a Business Questionnaire (available on the Trustee's website) for each business they operate.  The Trustee requests that business expenses be itemized for each business to specifically indicate how the information provided supports the income disclosures on Schedule I and Amended Form 122C-1 and the expense deductions on Line 43 of Form 122C-2.  Trustee reserves the right to request that said information be updated.   11 U.S.C. §§ 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B), and Bankruptcy Rule 1007.

2. Pursuant to his testimony at the Meeting of Creditors, Debtor has an 80% ownership interest in two businesses, High Altitude Wellness, LLC, and Foothills Ventures, LLC, as set forth on Line 19 of Schedule A/B.  The Trustee requests documentation of the value of each business in which the Debtor holds an interest, including but not limited to a statement of inventory and equipment and value thereof, an accounting of any cash holdings of the businesses, as well as a statement of debts owed by or secured by the businesses.  11 U.S.C. §§ 521, 1325(a)(1), 1325(a)(3), 1325(a)(7), 1325(b)(1)(B).

The Trustee reserves the right to amend his objection and to report on the payment history at any confirmation hearing.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

September 28, 2022                              Respectfully submitted,

s/Jennifer K. Cruseturner
Jennifer K. Cruseturner, #44452
Attorney for Chapter 13 Trustee,
Adam M. Goodman
P.O. Box 1169
Denver, CO 80201-1169
(303) 830-1971
FAX (303) 830-1973
jcruseturner@ch13colorado.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via ECF, on September 28, 2022 addressed as follows:

CHRISTOPHER PATRICK BOYD
1545 SKIMMER ST
BERTHOUD, CO 80513

BERKEN CLOYES, PC
VIA CM/ECF

\s\ kmp
Chapter 13 Trustee Staff Member