UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

## Minute Order/Minutes of Proceeding

| | |
|---|---|
| Date: October 26, 2022 | **Honorable Thomas B. McNamara, Presiding** |
| | Anne E. R. Tunnell, Law Clerk |

In re: CHRISTOPHER PATRICK BOYD,

Case No. **22-12455 TBM**

Chapter 13

Debtor.

**Appearances**

| | | | |
|---|---|---|---|
| Trustee | **Adam M. Goodman** | Counsel | **Jennifer Cruseturner (by phone)** |
| Debtor | | Counsel | **Sean Cloyes (by phone)** |
| Creditor | **Hemp Recovery Company, LLC** | Counsel | **Thomas Werge (in courtroom)** |
| | | | **Kelsey A. Martin (by phone)** |

Proceedings: Confirmation Hearing on Debtor's Amended Chapter 13 Plan (Docket No. 16, the "Plan") and the Objections to Confirmation filed by Chapter 13 Trustee Goodman (Docket No. 20) and Hemp Recovery Company, LLC (Docket No. 25).

☒ Counsel for Christopher P. Boyd (the "Debtor"), for Hemp Recovery Company, LLC ("Hemp Recovery," and for the Chapter 13 Trustee (the "Trustee") entered their appearances on the record.

☒ The Debtor's counsel stated that the pending objections to his Plan were unresolved and requested that the Court set an evidentiary hearing.

☒ The parties agree that an evidentiary hearing is required to resolve the remaining contested issues related to Confirmation. All the parties agreed that a one-day evidentiary hearing should be sufficient and requested that the Court set that evidentiary hearing in January 2023.

☒ Debtor's counsel represented that to the best of his knowledge the Debtor is eligible for Chapter 13 relief based upon the nature of the Debtor's business. However, for the reasons stated of record, and based upon the allegations in the Hemp Objection, the Court cautioned the Debtor about the case law which would prohibit the Debtor from obtaining Chapter 13 relief if the Debtor's income is derived from a business involving substances which are illegal on the federal level.

☒ The Trustee reported that the Debtor was current on his Chapter 13 Plan payments. The Trustee, however, stated that the Debtor had yet to provide the documentation which underlies the Profit and Loss Statements which he had provided to the Trustee and which the Trustee requested that the Debtor provide. Thus, the Trustee's Objection on that basis remains unresolved. The Trustee advised that the Debtor's Amended Chapter 13 Statement of Current Monthly Income (Docket No. 18) resolved one of the Trustee's confirmation objections.

☒ Counsel for Hemp Recovery reported that the judgment which supports its claim includes a finding of fraud, is a final judgment. Further, counsel for Hemp Recovery stated that its objections were unresolved and that it would need to conduct further discovery related to its objections, including whether the Debtor is eligible for Chapter 13 relief.

Orders:

☒ An in-person[1], one-day evidentiary hearing on the Plan and Objections will be held on **Tuesday, January 31, 2023, at 9:00 a.m.,** before the Honorable Thomas B. McNamara in Courtroom E, United States Bankruptcy Court, United States Custom House, 721 19th Street, Denver, CO 80202.  Exhibits must be marked for identification (Hemp Recovery shall mark exhibits with HR and numbers, the Trustee shall mark exhibits with TR and numbers, and the Debtor shall mark exhibits with letters) and exchanged no later than **January 12, 2023**. A List of Witnesses and Exhibits must be filed with the Court on or before **January 12, 2023**, substantially in the form of L.B.F. 9070-1.  Written objections directed to the exhibits must be filed and served on opposing counsel on or before **January 19, 2023**, otherwise all objections except as to relevancy are waived.

☒ On the date of the evidentiary hearing, each party shall provide three (3) copies of all exhibits to the Law Clerk or Courtroom Deputy.  Two (2) copies are for the Court and one (1) copy is for the witness. The original exhibits are to be used by the witness. Exhibits tendered to the Court shall be in three-ring binders and be individually tabbed with the appropriate exhibit letter/number.  Tabs must extend past the side of the paper. Exhibits in excess of ten (10) pages shall be numbered at the bottom of the page for easier access and use during trial.  The first document each binder shall be a List of Witnesses and Exhibits, in the form consistent with L.B.F. 9070-1.1.  The parties will be required, consistent with Local Bankruptcy Rule 9070-1, to retain custody of their original exhibits following the evidentiary hearing.  Unless otherwise ordered, evidence will not be received by telephone or declaration, nor will parties be permitted to appear by telephone.  All parties shall appear in person or by counsel.  The Court advised the parties that a party's failure to disclose witnesses timely or to disclose and exchange exhibits timely may result in that party being prohibited from calling the undisclosed witness or introducing the undisclosed exhibits at the Evidentiary Hearing.

☒ The United States Bankruptcy Court for the District of Colorado has installed an electronic evidence presentation system in Courtroom E. The evidence presentation system allows for the display of evidence on various monitors located at the bench, the witness stand, the lectern and the counsel tables.  Pursuant to L.B.R. 9070-1, Attorneys wishing to use the Electronic Evidence Presentation System in the Courtrooms **must** comply with current courtroom technology procedures, available on our website at https://www.cob.uscourts.gov/courtroom-technology.   Counsel must familiarize themselves with the electronic presentation system in advance.  Practice sessions and testing of the equipment, if requested by counsel, must occur prior to the day of a scheduled court appearance, as the courtroom may not be available and court staff will not be available for that purpose on the day of the proceeding.  **The Court encourages the use of the electronic evidence presentation system.**  Each party utilizing the electronic evidence presentation system shall provide one thumb-drive of all exhibits in addition to paper exhibits as described above on the date of the Evidentiary Hearing.

---

[1] If any party wishes for the Court to conduct the Evidentiary Hearing other than in-person, such party shall file a motion no later than 14 days prior to the Evidentiary Hearing explaining the reason why the Evidentiary Hearing should be conducted other than in-person and propose an alternative procedure (telephonic or Zoom hearing).

☒This hearing is considered evidentiary for statistical reporting purposes only.

☒ The Court confirms that this dispute is a contested matter and discovery is available under Fed. R. Bankr. P. 9014(c) and 7026-7037 and Fed. R. Civ. P. 26-37.

☒ The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, and a list of exhibits which both parties agree are admissible at the Evidentiary Hearing.  The Stipulations of Facts and Exhibits shall be filed with the Court on or before **January 26, 2023.**  If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed.  If the parties reach an agreement that the evidentiary hearing is no longer required, they shall inform the Court and request that the evidentiary hearing be vacated.

☒ The Court cautioned the parties to pay close attention to the dates and deadlines established in this Minute Order and warned that the failure to timely disclose a witness or exhibit may result in an order precluding that party from presenting that exhibit or calling that witness at the evidentiary hearing.

☒ On or before **January 19, 2023**, the parties may file simultaneous legal briefs on the issues set for evidentiary hearing.

---

Date: October 26, 2022

IT IS SO ORDERED:

*[signature: Thomas B. McNamara]*

Honorable Thomas B. McNamara,
United States Bankruptcy Judge

FOR THE COURT:
*Kenneth S. Gardner, Clerk of Bankruptcy Court*

By: *[signature: Anne E. R. Tunnell]*

Anne E. R. Tunnell, Law Clerk

☒This hearing is considered evidentiary for statistical reporting purposes only.